IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01201-WJM-CYC

HANGIN' TREE TRAVEL PLAZA, LLC, *a Colorado limited liability company*,

      Plaintiff and Counter Defendant,

v.

KITT HILDRETH,
CHANCE SLATER, and
HORSE THIEF HOLDINGS, LLC, *a Colorado limited liability company*,

      Defendants and Counter Claimants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff-Counter Defendant Hangin' Tree Travel Plaza, LLC, as an organizational party, cannot appear in this Court without counsel. *See* D.C.COLO.LAttyR 5(b). After its counsel withdrew, though, the plaintiff sat idle, notwithstanding multiple warnings from the Court. Defendants-Counter Claimants Kitt Hildreth, Chance Slater, and Horse Thief Holdings, LLC therefore seek the maximum possible sanctions against the plaintiff: dismissal with prejudice and default judgment on their counterclaims. But the district judge only warned the plaintiff of the possibility of a dismissal without prejudice. That is the appropriate sanction here.

Hildreth removed this action to federal court on April 15, 2025. ECF No. 1. In brief, the plaintiff alleges that the defendants fraudulently induced it into entering into a contract for the sale of a property, scaring off other potential buyers while intending to purchase the property more cheaply at a foreclosure sale. *See* ECF No. 4. The defendants filed counterclaims, seeking the return of certain earnest money and attorney fees. ECF No. 15.

Following removal, though, no attorney entered an appearance for the plaintiff and, accordingly, the Court issued an order to show cause ("OSC") as to why the case should not be dismissed for a failure to obtain counsel. ECF No. 17. An attorney then entered his appearance, ECF No. 20, and the Court discharged its OSC. ECF No. 25. Six months later, the attorney moved to withdraw, arguing that the plaintiff failed to fulfill an obligation to him. ECF No. 30 ¶ 4.

The Court granted that motion, directing the attorney to forward a warning to the plaintiff that it "may not appear without counsel admitted to the bar of this Court. *See* D.C.COLO.LAtty 5(b). Absent prompt appearance of substitute counsel for the plaintiff, pleadings and papers may be stricken and dismissal or other sanctions may be imposed against the plaintiff." ECF No. 32. The warning went unheeded. On January 6, 2026, the district judge issued an OSC, ordering the plaintiff to show cause within ten days "as to why this Court should not impose sanctions on it for failure to obtain counsel, including up to dismissal of this action without prejudice." ECF No. 34. The plaintiff did not do so, and the district judge both made the OSC absolute and referred the case to the undersigned for determination of the appropriate sanction. ECF No. 37. The defendants then filed a brief urging dismissal of the plaintiff's claim with prejudice and default judgment in their favor on the defendants' counterclaims. ECF No. 39.

Several rules undergird the Court's imposition of sanctions. D.C.COLO.LAttyR 5(b) requires that when an attorney for "a corporation, partnership, or other legal entity" withdraws, a notice to the party "that such entity may not appear without counsel admitted to the bar of this court" be delivered to it. It warns that "absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity." *Id.* This District's Local Rules, in turn, state:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1. Under the Federal Rules of Civil Procedure, when a "plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). While Rule 41(b) specifies a defendant filing a motion to dismiss, courts have long interpreted the Rule to allow dismissing actions sua sponte for a plaintiff's failure to prosecute or comply with procedural rules or court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Finally, Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37(b)(2)(A)(ii)-(vii), in turn, permits a court to "dismiss[] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

The rules therefore provide authority for the relief the defendants seek. But before dismissing an action or imposing a default judgment against the plaintiff, a court must consider certain factors enumerated in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992). *See Derma Pen, LLC v. 4EverYoung Ltd.*, 736 F. App'x 741, 745–46 (10th Cir. 2018). Those factors are:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action [or default judgment] would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

3

*Ehrenhaus*, 965 F.2d at 921 (citations omitted). Those factors favor dismissal without prejudice, not default judgment or dismissal with prejudice.

As to the first factor, the plaintiff's failure to obtain counsel has somewhat prejudiced the defendants, as they have spent time and resources defending this action, having now filed motions to dismiss, ECF Nos. 12, 33, and a brief in response to an order from this court. *See Peters v. Bank of Am.*, No. 10-CV-01382-WJM-MJW, 2011 WL 1045297, at *3 (D. Colo. Mar. 21, 2011). Though one of the motions to dismiss was stricken, it was because the plaintiff could not be served through the electronic docketing system. ECF No. 35.

As to the second factor, by failing to obtain new counsel, the plaintiff has failed to prosecute its case. As such, it "interferes with the effective administration of justice." *Alirez v. Univ. of N. Colo.*, No. 23-CV-00169-GPG-NRN, 2023 WL 11862132, at *2 (D. Colo. May 5, 2023), *report and recommendation adopted*, 2023 WL 11862134 (D. Colo. June 21, 2023). "Plaintiff's actions increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues." *Id.* (quoting *Peters*, 2011 WL 1045297, at *3).

As to the third factor, the plaintiff has been warned about the requirement of proceeding with counsel. ECF Nos. 17, 32, 34. The plaintiff has also failed to prosecute its case by not responding to the OSC and not responding to the defendants' motions. *See, e.g.*, *Peterson v. O'Conner*, No. 08-CV-02211-PAB-MEH, 2009 WL 3122874, at *3 (D. Colo. Sept. 29, 2009). Nor did the plaintiff request more time to obtain counsel. Instead, it has ignored this Court's orders. As such, the plaintiff is culpable.

As to the fourth factor, both the order granting the withdrawal of plaintiff's counsel and the district judge's OSC warned the plaintiff that a failure to obtain counsel may result in

4

sanctions, including dismissal. ECF Nos. 32, 34. Accordingly, the Court has adequately warned the plaintiff that dismissal of his action would be a likely sanction. But neither one explicitly warned of dismissal with prejudice, counseling against such a dismissal. *See Neely v. Estep*, No. 07-cv-00297-EWN-KLM, 2008 WL 906111, at *5 (D. Colo. Mar. 31, 2008). Nor did they warn of the possibility of a default judgment, militating against imposing such a judgment. *See ABQ Uptown v. Davide Enters., LLC*, No. CIV 13-0416 JB/KK, 2015 WL 2225783, at *20 (D.N.M. May 4, 2015).

As to the fifth factor, no sanction less than dismissal would be effective. The Court, to induce the plaintiff obtain counsel, issued it a warning on December 9, 2025 that a failure to do so may result in sanctions. ECF No. 32. The district judge then waited a month before entering an OSC and gave the plaintiff ten days to respond. ECF No. 34. To date, however, the plaintiff has neither responded to the OSC nor obtained counsel. Accordingly, no sanction less than dismissal will be effective. But dismissal without prejudice suffices. Though there is some prejudice in the work expended by the defendants in filing motions to dismiss and pleadings related to the sanctions under consideration, this case is still in its infancy; no scheduling conference has even been held in the case. *See, e.g.*, *Neely*, 2008 WL 906111, at *5 (citing a lack of actual prejudice and a lack of warning as reasons not to impose a with-prejudice dismissal). Nor is a default judgment necessary as a sanction; the defendants can still pursue that apart from the sanctions recommended herein.

Accordingly, dismissal of the plaintiff's claims without prejudice is the most appropriate sanction here. As discussed above, the *Ehrenhaus* factors do not militate in favor of dismissal with prejudice or a default judgment.

A default judgment would be inappropriate for additional reasons. ECF No. 39. "[A] motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017). For example, D.C.COLO.LCivR 55.1(a) requires that the filing party "show by motion supported by affidavit" that "the sum certain or the sum that can be made certain by computation." D.C.COLO.LCivR 55.1(b) requires that the filing party "submit a proposed form of judgment." The defendants have not complied with these rules. Nor have they addressed whether the facts they have alleged constitute a legitimate cause of action, as is required for a default judgment. *See, e.g.*, *McLaughlin Grp., Inc. v. Am. Mfg & Machine, Inc.*, No. 20-cv-03531-PAB-JPO, 2024 WL 3849760, at *4 (D. Colo. Aug. 16, 2024) (denying request for default judgment even when *Ehrenhaus* factors warranted default judgment for failure to address merits of claims). On this record, then, there is little justification to impose a default judgment as a sanction.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS**[1] that the plaintiff's claims be

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.

**DISMISSED without prejudice**. The defendants' request for default judgment should be denied

without prejudice.

Respectfully submitted this 17th day of July, 2026.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

7